PHŒBE HAIGHT, RESPONDENT, v. ENOCH AVERY, APPELLANT, IMPLEADED WITH ENOCH B. AVERY.

*Statute of limitations — payment of interest by one of two makers — when it removes the bar of the statute as to the other.*

In an action upon a promissory note, made by a father and son, the father alone defended setting up the statute of limitations. Payments of interest had been made by the son, and some, it was claimed, by the father. The court charged that it was not necessary to charge the father; that the payments should have been made by his own hand, or with his money; that it was sufficient if the son acted by his direction; if he were a joint-actor with the son in making the payment. *Held*, that this was correct.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was upon a promissory note made by the defendant Enoch B. Avery, and signed also by the defendant Enoch Avery, his father — the son being the principal debtor. The father defended and set up the statute of limitations. The interest had been paid on the note for several years by the son, and the plaintiff claimed that some of these payments were made by the father himself, and others by the son, acting under his direction. With reference to this, the justice charged as follows: "You are to find,

in order to make this old man liable, that he made this payment. Not with his own hand, that is not necessary. Did he send his son with the money? If he did, that is his payment. Did he send the son to make the payment with his (the son's) own money? Did he participate in the payment? Did he direct it? Did he claim a payment made by the son, and put it upon the paper when the payment was admitted? Did he do anything by which he showed that he was a joint-actor in the payment? If he did, he is liable, and that is the law that you are to enforce; and you are to see to it that the proof comes up to that point." * * * " If he said to his son, ' go and pay that interest,' if he lent him the money to pay it; if he directed him to pay it, and in pursuance of that direction the son did pay it ; if the son told him, ' I have paid one or two years' interest, and they have not indorsed it,' and he went with the son there to exact credit for the payment, and he put it on the note when it was admitted, then you are at liberty to say that this payment, if you believe it to have been made, was made with the concurrence, the participation, the connivance or direction of the father. If so, he is holden, and you will find a verdict for the plaintiff." The Justice also charged that a payment where there are two makers only binds the man who makes the payment.

*Odle Close*, for the appellant.

*Robert S. Hart*, for the respondent.

DYKMAN, J.:

This is an action on a promissory note made by two persons, who sustain the relation of father and son. The note was given for money loaned to the son, the father signing the note as surety. The father alone defended, and set up the statute of limitations. The note was payable on demand, and was dated on the 2d day of April, 1866, and the action was not commenced until the 19th day of June, 1876. The interest was paid on the note every year, and it was indorsed down to February, 1875; as more than six years had elapsed after the note became due before the action was commenced, the action was barred by the statute of limitations,

unless it was taken out of the statute by the payments, and the great struggle on the trial was to show that the father had made some of the payments. There was testimony tending to show that the father had sent the son to pay interest on the note, and claimed a payment of interest which had not been indorsed on the note, and when the claim was allowed, made the indorsement of it on the note himself. This was the indorsement of May, 1874. The judge charged the jury as follows: " You are to find, in order to make this old man liable, that he made this payment not with his own hand; that is not necessary. Did he send his son with the money? If he did, that is his payment. Did he send the son to make the payment with (his) the son's money? Did he participate in the payment? Did he direct it? Did he claim a payment made by the son, and put it upon the paper when the payment was admitted? Did he do anything by which he showed that he was a joint-actor in the payment? If he did, he is liable, and that is the law that you are to enforce, and you are to see to it that the proof comes up to that point." He also charged that " a payment, when there are two makers, only binds the man who makes the payment." The jury gave a verdict for the plaintiff, and must, therefore, have found that the father made the payment. The verdict is by no means unsupported by the testimony; on the contrary, there was testimony which supports it abundantly. If, therefore, the charge was right, the judgment and order appealed from must be affirmed. The effect of a payment to save a demand from the operation of the statute of limitations remains unaffected by legislation, and is equivalent to a new promise to pay the residue of the debt. This principle was not questioned in the case of _Vankeuren_ v. _Parmelee_ (2 Coms., 523) nor in any of the subsequent cases where that case has been mentioned. There has been some controversy about that case, respecting what it really does decide, and there will probably be more; but it does not stand in the way of this judgment at all, and, therefore, requires no special notice here. In 1859, there came before the Court of Appeals the case of _Winchell_ v. _Hicks_ (18 N. Y., 558). That was an action on a joint and several promissory note, made by four persons, which became due May 2, 1847. The action was commenced

September 6, 1854. The interest on the note was paid by the principal, who had the money, annually, and indorsed on the note up to May 4, 1850, and at some time between the last date and May 3, 1852, the plaintiff called upon two of the sureties and requested payment of the principal or interest, and they, in substance, requested him to see the principal and get the money from him. The principal was informed of what they said and paid the interest. In that case the Court of Appeals held that, under the circumstances, the act of the principal in making the last payment was the act of these two sureties, and enured to their benefit, and attached to them all its consequences, and that the running of the statute was arrested thereby as against the two sureties.

That case supports the charge and the verdict in this, and the judgment and order appealed from must both be affirmed, with costs.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.